# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ISMAEL DIAZ MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PEOPLEGURU HOLDINGS, INC.,<br><br>Defendant. | CASE NO. |

## NOTICE OF REMOVAL PURSUANT TO 28. U.S.C. §§ 1441 AND 1453

Defendant PeopleGuru Holdings, Inc. ("PeopleGuru"), hereby removes this state court action captioned *Ismael Martinez v. PeopleGuru Holdings, Inc.*, Case No. 25-CA-010666, filed in the Circuit Court of the 13th Judicial Circuit of Hillsborough County, Florida, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

### I. BACKGROUND

1. On October 24, 2025, Plaintiff Ismael Martinez, individually and on behalf of all others similarly situated, ("Plaintiff"), filed a Class Action Complaint against PeopleGuru in the Circuit Court of the 13th Judicial Circuit of Hillsborough County, Florida (the "Complaint"). A copy of the Complaint is attached as Exhibit A to this Notice.[1]

2. The Summons and Complaint were served on PeopleGuru on November 3, 2025.

3. According to the Complaint, Plaintiff is a citizen of the Commonwealth of Massachusetts. Complaint ¶ 15.

---

[1] The remainder of the State Court file's contents and docket are attached as Exhibit B.

4. PeopleGuru is a Delaware corporation with its principal place of business at 101 South Hoover Boulevard, Suite 100, Tampa, Florida. *See* Compl. ¶ 16.

5. In the Complaint, Plaintiff alleges that PeopleGuru failed to secure and protect the personally identifiable information ("PII") and protected health information ("PHI") of Plaintiff and Class Members as a result of an alleged "data security incident" and alleged "data breach" "perpetrated against PeopleGuru," which Plaintiff refers to as the "Data Breach". Compl. ¶ 1 and 7.

6. Plaintiff asserts the following cause of actions: negligence, negligence per se, breach of implied contract, and unjust enrichment, injunctive/declaratory relief. Compl. ¶¶ 99-165.

7. Plaintiff seeks to represent a putative class consisting of "[a]ll persons in the United States who were impacted by the Data Breach discovered by Defendant in July 2025, including all those who received notice of the breach." Compl. ¶ 90.

8. Plaintiff seeks declaratory, injunctive relief, and other equitable relief, along with recovery, for himself and members of the putative class, of damages that includes compensatory damages, consequential damages, general damages, nominal damages, statutory or punitice damages, restitution, attorney fees, costs, and expenses. *See* Compl. ¶ 14 and at Prayer for Relief ¶ B-G.

9. PeopleGuru has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

10. This notice of removal is timely because it is being filed within thirty (30) days of November 3, 2025, which is the date on which PeopleGuru was served with the Complaint. 28 U.S.C. § 1446(b)(1).

11. Removal to this federal court is proper because it is the "district …embracing the place" in which the state court action is pending. *Id.* at § 1441(a).

12. PeopleGuru has informed Plaintiff's counsel regarding the filing of this removal.

## II. GROUNDS FOR REMOVAL

13. A federal court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"), whereby original jurisdiction is given in "any civil action in the matter in controversy exceeds the sum or value of $5,000,000… and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant " *Id.* Furthermore, the class action has to have more than hundred (100) members and the amount in controversy can be an aggregate amount of the claims of the individual class members, exclusive of interest and costs. *See id.* at § 1332(5) and (6).

### A. Minimal Diversity Exists

14. Here, Plaintiff alleges that this matter involves a putative class action of thousands of individuals. *See* Compl. ¶ 93. Additionally, the Plaintiff seeks to represent a national class of all individuals residing in the United States. Compl. ¶90. Members of the class reside outside Florida. [2] Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" PeopleGuru. *See* 28 U.S.C. § 1332(d)(2). Further, more than two-thirds of the individuals who have received notice of the incident and are in the purported class as pled by Plaintiff reside outside of Florida.

### B. The Proposed Class Consists of More than Hundred (100) Members

15. Plaintiff brought this action on behalf of an alleged punitive class of at a thousand individuals. *See* Compl. ¶ 93.

---

[2] *See* https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/23093267-7780-43c2-ba3c-0e2638277902.html  (last accessed on December 2, 2025).

### C. The Amount in Controversy Exceeds $5,000,000

16. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as supported by the Plaintiff's Complaint.

17. Plaintiff is seeking economic damages, as set forth above in paragraph 8. In addition to that, Plaintiff is seeking a lifetime of credit monitoring and identity theft insurance and protection services monitoring as part of Plaintiff's injunctive/declaratory relief claim. Compl. ¶ 162. Based on the class size, where the total individuals notified by PeopleGuru amounted to eighty thousand one hundred forty-six (80,146) individuals[3], in addition to Plaintiff's request for restitution and other damages, *see* Compl. at Prayer for Relief, ¶ B-G, the amount in controversy will exceed $5,000,000 in the aggregate.

18. Therefore, without conceding the merits of Plaintiff's allegations, admitting the alleged class size, or that Plaintiff or any member of the proposed class is entitled to any damage award, the propriety of the class certification, whether class certification is warranted in this matter, and relying on Plaintiff's allegations without admission, PeopleGuru states that the matter in controversy exceeds the sum or value of $5,000,000, if class certification is granted based on Plaintiff's allegations in the Complaint.

### III.   JURY DEMAND

19. Plaintiff did demand a jury in the state-court suit.

### IV.   CONCLUSION

20. For the abovementioned reasons, PeopleGuru asks the Court to remove this matter to the Middle District of Florida pursuant to 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

---

[3] *See* https://www.in.gov/attorneygeneral/consumer-protection-division/id-theft-prevention/files/DB-Year-to-Date-Report-12_25.pdf (page 33) (last accessed on December 2, 2025).

21. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.* at § 1446(a).

22. A copy of this Notice of Removal is being served upon counsel for Plaintiff, and upon filing this Notice of Removal in this Court, PeopleGuru will file a true and correct copy of the Notice with the Clerk of Court in the Circuit Court of the 13th Judicial Circuit of Hillsborough County, Florida, which in turn will give written notice to the Plaintiff. *See id.* at § 1446(d).

Respectfully submitted,

**MULLEN COUGHLIN LLC**

*/s/ Joshua Brian*
Joshua Brian, Esq.
Florida Bar No.: 0084908
3001 N. Rocky Point Drive East, Suite 200
Tampa, FL 33607
Telephone: (267) 930-2405
Email: jbrian@mullen.law
*Attorney for the Defendant, PeopleGuru*

Dated: December 3, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Court eFiling Portal and a true copy served via the Portal to:

Francesca K. Burne, Esq., MORGAN & MORGAN COMPLEX LITIGATION GROUP, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602; fburne@forthepeople.com; (*Attorneys forPlaintiff and Putative Class*)

*/s/ Joshua Brian*
Joshua Brian, Esq.
Florida Bar No.: 0084908
**MULLEN COUGHLIN LLC**
3001 N. Rocky Point Drive East, Suite 200
Tampa, FL 33607
Telephone: (267) 930-2405
Primary Service Email: jbrian@mullen.law
Secondary Service Email: efinn@mullen.law
*Attorney for Defendant, PeopleGuru Inc.*